**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TONY A. WALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:12-cv-01423-GMN-VCF |
| v. ) | |
| ) | **O R D E R** |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | (Motion to Proceed *In Forma Pauperis* #1 |
| Defendant. ) | and Complaint #1-1) |
| ) | |

Before the court are plaintiff Tony A. Wald's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.     *In Forma Pauperis* Application**

Plaintiff Tony A. Wald asserts in his application to proceed *in forma pauperis* that he has no take home wages, but receives $200 a month in food stamps. (#1). Plaintiff states that he has a zero balance in his bank accounts, that he owns a 1999 Dodge Dakota, that he "only receive[s] food stamps," and that his girlfriend helps with rent and bills. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal

quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.     Plaintiff's Complaint

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration (hereinafter "Commissioner"). (#1-1). Plaintiff asserts that he is "disabled as that term is defined in the Social Security Act," and that he "filed concurrent applications for disability insurance benefits and supplemental security income alleging disability in accordance with the legal requirements of the Social Security Act," which the Commissioner denied. *Id.* Plaintiff filed the instant complaint seeking judicial review of the Commissioner's decision and requesting this court to reverse that decision, or in the alternative, to remand this matter for a new hearing. *Id.*

Plaintiff may appeal to this court the Commissioner's denial of his application for either Disability Insurance Benefits or Supplemental Security Income under Titles II and XVI of the Social Security Act, respectively. *See* 42 U.S.C. §§ 405(g) and 1383©. This court has jurisdiction over the matter. *Id.* Construing plaintiff's allegations in light most favorable to plaintiff Wald, the court finds that plaintiff has asserted a claim upon which relief can be granted. *See Russell*, 621 F.2d at 1039; *Haines*, 404 U.S. at 520.

### III.   Local Rule IA 10-1(b).

The court notes that attorney Marc Kalagian has appeared on behalf of Plaintiff. Mr. Kalagian

is a licensed Nevada lawyer, but he does not maintain an office in Nevada. Local Rule IA 10-1(b) provides that a licensed Nevada attorney without offices in Nevada, "shall either associate a licensed Nevada attorney maintaining an office in Nevada or designate a licensed Nevada attorney maintaining an office in Nevada, upon whom all papers, process, or pleadings required to be served upon the attorney may be so served." *Id.* Accordingly, Mr. Kalagian will have until **August 31, 2012,** to comply with Local Rule IA 10-1(b).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court file the Complaint (#1-1) and serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint (#1-1) by certified mail to: (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore, Maryland 21235; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

IT IS FURTHER ORDERED that from this point forward, plaintiff must serve upon defendant, or his attorney if he has retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

1    IT IS FURTHER ORDERED that plaintiff's counsel Mr. Kalagian will have until **August 31,**
2 **2012,** to comply with Local Rule IA 10-1(b).
3    DATED this 21st day of August, 2012.

                                    _____
                                    **CAM FERENBACH**
                                    **UNITED STATES MAGISTRATE JUDGE**