**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| TONY A. WALD,<br><br>                    Plaintiff,<br><br>vs.<br><br><br>CAROLYN COLVIN,<br>*Acting Commissioner of Social Security*,<br><br>                    Defendant. | 2:12-cv-01423-GMN-VCF<br><br><br>**REPORT AND RECOMMENDATION** |

Before the Court is *Tony A. Wald v. Carolyn Colvin*, case no. 2:12-cv-01423-GMN-VCF.

**RELEVANT BACKGROUND:**

This action arises under the Social Security Act, Title II and XVI.  (Administrative Record (hereafter "AR" 135-144)). On July 2, 2009, Plaintiff filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income alleging an inability to work since January 1, 2009.  (AR 135, 138).  After the Social Security Administration (the agency) denied these applications both initially and upon reconsideration, an administrative law judge (ALJ) convened a hearing on October 6, 2011.  (AR 37-73, 82-85).  On October 24, 2011, the ALJ issued a decision finding Plaintiff not disabled (AR 7-18).  Plaintiff filed a request for review of the ALJ's decision on December 21, 2011.  (AR 35-36).  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on June 15, 2012.  (AR 1-3).  Plaintiff sought judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and § 1383(c).

On August 10, 2012, Plaintiff filed an Application for Leave to Proceed in *forma pauperis* and Complaint. (#1). On August 22, 2012, the Court granted the Application for Leave to Proceed in *forma pauperis*. (#2). On March 5, 2013, Defendant filed its Answer to Plaintiff's Complaint. (#16). Plaintiff filed a Motion for Reversal and/or Remand on April 7, 2013. (#19). The parties stipulated to extend the Defendant's time to file the Motion for Summary Judgment by thirty (30) days to June 7, 2013. (#21). On June 10, 2013, Defendant filed its Motion to Remand to Social Security. (#23).

In its Motion (#23), Defendant requests that the case is remanded for further administrative proceedings pursuant to 42 U.S.C. § 405(g). Defendant asserts that remand for further proceedings is appropriate under Sentence Four of 42 U.S.C. § 405(g) because

> the Commissioner concedes legal error in the ALJ's findings at steps four and five of the sequential evaluation process. Specifically, the Commissioner agrees that the ALJ improperly determined at step four that Plaintiff's work as an apartment manager constituted past relevant work that Plaintiff was capable of performing (Memorandum at 13) (AR 18). The ALJ made inconsistent findings regarding whether such work was SGA, and must resolve that inconsistency on remand (compare AR 12 with AR 18). See 20 C.F.R. §§ 404.1565(a), 416.965(a) (requiring that a job must be SGA in order to constitute past relevant work).

*Id.*

**DISCUSSION:**

Pursuant to LR 7-2 (d), "[t]he failure of an opposing party to file points and authorities in response to any motions shall constitute a consent to the granting of the motion." No opposition has been filed by Plaintiff. Plaintiff has not sought any opposition extension.

**RECOMMENDATION**

The undersigned U. S. Magistrate Judge recommends that this case be remanded to Social Security pursuant to 42 U.S.C. § 405(g), Sentence Four and that final judgment be entered concluding this case. It is further recommended that Defendant's Motion to Remand to Social Security (#23) is GRANTED.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE